UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM TREANOR as parent and natural Guardian of infant FN,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>APPLE, INC and COSTCO WHOLESALE CORPORATION,<br><br>　　　　　　Defendants. | No. 7:22-cv-07108-KMK-AEK<br><br><br>**STIPULATED<br>PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

Plaintiff William Treanor as parent and natural guardian of infant FN and Defendants Apple Inc. and Costco Wholesale Corporation ("Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this Order (hereinafter, "Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information.

### 1. PURPOSES AND LIMITATIONS

(a) Protected Material (defined below) designated under the terms of this Protective Order shall be used by a Receiving Party (defined below) solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b) The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery. Designations under this Protective Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.

2. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or other tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

(b) "Counsel" means (i) counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, agents and counsel and their support staffs.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Protective Order.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure ("FRCP").

4. **SCOPE**

(a) The protections conferred by this Protective Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Protective Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, any business or competitive purpose or function, or any communication to the public or media in any form.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Protective Order.

(b)     Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside of the United States or released to any foreign national (even if within the United States).

(c) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) <u>Limitations.</u> Nothing in this Protective Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.

**7.    DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with the following designations, provided that it meets the requirements for such designation as provided for herein:  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include electronically stored), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate, during the copying process.

(c) <u>Native Files.</u> Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Protective Order by appending to the file names information indicating whether the file contains "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.

When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

    (d) <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, shall provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) business days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original

and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for a Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Receiving Party or Parties, the reporter, and the videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects trade secret or other confidential research or development or commercially sensitive information, including non-public data concerning Defendants' products or internal procedures.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    The Receiving Party, or representatives of the Receiving Party who are officers or employees or attorneys or agents of the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case.

(iii)    Subject to paragraph 9 herein, any outside expert or consultant retained by the Plaintiff's Counsel to assist in this action, provided that disclosure is only to the extent

necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a competitor of Defendants, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of Defendants;

      (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

      (v)    The Court, jury, and court personnel;

      (vi)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

      (vii)    Any mediator who is assigned to mediate this matter, and his or her staff;

      (viii)    Any witness in this case who testifies in deposition or at trial and has signed a copy of Exhibit A; and

      (ix)    Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A.

      (x)    The persons listed in paragraphs 8(b)(i), (ii), (iii), (iv), (vi), (vii), (viii), and (ix) shall, before being shown or given Protected Material, agree to be bound by the provisions of this Protective Order by signing a copy of Exhibit (A).

9. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing

information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following:

(i) The Receiving Party's Counsel, provided that such Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of Defendants, and such Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Any expert or consultant retained by the Receiving Party's Counsel to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of Defendants, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of Defendants; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of Defendants; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(iii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv) The Court, jury, and court personnel;

(v) Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to mediate this matter, and his or her staff, subject to their agreement to be bound by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party, who has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

## 10.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL ****

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Protective Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Protective Order shall be written, shall be served on counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The Receiving Party shall confer either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may file a motion with the Court within 45 days after the conference to resolve the objections by the Receiving Party, seeking a ruling that the Discovery Material in question is entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Protective Order shall not alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such

designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

11. **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena is directed shall immediately give written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

12. **FILING PROTECTED MATERIAL \*\*\*\***

In the event that a Party uses any Protected Material in motions, pleadings, or other documents filed with the Court, such use shall be made under seal. A Receiving Party may not file or disclose in the public record any Protected Material absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons.

13. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. This Protective Order shall be interpreted to provide the maximum protection allowed by the FRCP.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

14. **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Protective Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the designations provided for under this Protective Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct designation within seven (7) days upon its notification to the Receiving Party. Upon receiving the Protected Material with the correct designation, the Receiving Party shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly and shall provide the Producing Party with written confirmation of the same.

(b) A Receiving Party shall not be in breach of this Protective Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the designations provided for under this Protective Order, unless an objectively reasonable person would have realized that the Discovery Material should have been designated under this Protective Order. Once a Receiving Party has received notification of the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Protective Order.

15. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly retrieve the improperly disclosed Discovery Material and ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**16.     FINAL DISPOSITION**

(a) Not later than sixty (60) days after the Final Disposition of this case, each Party shall return at the request of the Producing Party all Discovery Material of a Producing Party to the respective counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Protective Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b) All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective counsel of the Producing Party or destroyed.

**17.     MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the

above-captioned matter. **Proposed final sentence deleted per AEK.**

  (c) <u>Successors</u>.  This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

  (d) <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

  (e) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, or whether disclosure should be restricted, and if so, what restrictions should apply.

  (f) <u>Enforcement by Court</u>.  The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced by the parties to this Stipulation under the protection of this Order shall be resolved by the United States District Court for the Southern District of New York.

  (g) <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the FRCP and other applicable law and rules, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the FRCP and other applicable law and rules, or the Court's own orders.

| | |
|---|---|
| Dated:  January 9, 2023 | Dated:  January 6, 2023 |
| /s/ Katia Asche | /s/ John V. Tait |
| Katia Asche | John V. Tait |
| ArentFox Schiff LLP | Law Office of Michael H. Joseph, P.L.L.C. |
| 1185 Sixth Avenue | 203 East Post Road |
| Suite 3000 | White Plains, NY 10601 |
| New York, NY 10036 | *Attorneys for Plaintiff* |
| *Attorneys for Defendants Apple Inc. and Costco Wholesale Corporation* | |

**IT IS SO ORDERED**, this 9th day of January, 2023.

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

**\*\*\*\*** To the extent any provisions of this Stipulated Protective Order conflict with the Individual Practices of either Judge Karas or Magistrate Judge Krause -- particularly with respect to the timing of various applications (*i.e.,* paragraph 10 of this Order) and to procedures for seeking Court approval to file materials under seal (*i.e.,* paragraph 12 of this Order) -- the Individual Practices of the respective judges will govern. In particular, any final determination as to whether a document may be filed under seal or may remain under seal is within the discretion of the Court.  **\*\*\*\***

The Court further notes that it has made revisions to the proposed language in paragraphs 17(b) and 17(f).

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order (hereinafter "Protective Order") in *William Treanor as parent and natural guardian of infant FN, v. Apple Inc., et al*, Case No.: 7:22-cv-07108-KMK, in the United States District Court Southern District of New York. Having read and understood the terms of the Order, I agree to be bound by the terms of the Protective Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Protected Material that is disclosed to me. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Materials.

Name of individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____
[Signature]

NY:55064351.1